IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CV-189-H

DEBRA ROBERTSON,

    Plaintiff,

v.

CREE, INC.,

    Defendant.

**ORDER**

This matter is before the court on defendant Cree, Inc.'s ("Cree") motion for attorney's fees pursuant to Federal Rule of Civil Procedure 54(d)(2) and 42 U.S.C. § 2000e-5(k).

This is the second lawsuit brought by plaintiff Debra Robertson against her employer, Cree. In this action, plaintiff asserted a number of claims that were determined at the motion to dismiss stage to be time-barred. Additionally, many of these claims were the same or very similar to claims that plaintiff attempted to raise in an amended complaint in her first suit against Cree. See Robertson v. Cree, 5:08-CV-13-H ("Robertson I"). In that case, this court rejected the proposed amendments as futile. On March 29, 2010, this court granted defendant's motion to dismiss pursuant to Rule 12(b)(6) and entered judgment

in defendant's favor. As the prevailing party in this Title VII action, defendant moves this court for an award of attorney's fees as provided by 42 U.S.C. § 200e-5(k).

Title 42 U.S.C. § 2000e-5(k) provides, "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person." Id. However, application of those provisions differs based on whether the prevailing party is a plaintiff or a defendant.

A prevailing plaintiff "ordinarily is to be awarded attorney's fees in all but special circumstances." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 417 (1978). By contrast, a court may award attorney's fees to a prevailing defendant in a civil rights action only if the court finds the allegations to be "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Id. at 422. The Supreme Court has adopted a more stringent standard for defendants to obtain attorneys' fees in civil rights cases, in order to avoid chilling or discouraging plaintiffs from bringing civil rights suits in the first instance. Id. A plaintiff need not have acted in bad faith in

2

order to be responsible for attorney's fees, id., but a grant of attorney's fees to a prevailing defendant is a "conservative tool, to be used sparingly." See Arnold v. Burger King Corp., 719 F.2d 63, 65 (4th Cir. 1983).

Here, unlike in Robertson I, the court finds that an award of attorney's fees is warranted. In this action, plaintiff's complaint asserted claims that (1) were time-barred, (2) had been previously rejected on the merits by this court (see Order of Nov. 24, 2008, Robertson v. Cree, 5:08-CV-13 [DE #26] (finding that crucial conversations class was not tailored to harass plaintiff)), (3) concerned "trivial harms, minor annoyances and the 'ordinary tribulations of the workplace," or (4) were wholly unsupported by factual allegations. Additionally, plaintiff had tried to bring many of these same claims in Robertson I, and this court found her amendment attempt to be futile. (See Robertson v. Cree, 5:08-CV-13-H, Order of April 17, 2009 [DE #43]). A mere week following denial of plaintiff's amendment attempt, plaintiff filed a second EEOC charge against defendant. At plaintiff's request, the EEOC issued a right-to-sue letter the same day. On June 18, 2009, plaintiff commenced the instant action ("Robertson II") with the filing of a complaint reiterating many of the allegations rejected by this court as futile only two months earlier. After

3

a careful review of the record, the court, finds that an award of attorney fees is appropriate.

In determining an appropriate fee award, the court should begin "by multiplying the number of hours reasonably expended on the case by the reasonable or customary hourly rate." Arnold v. Burger King Corp., 719 F.2d 63, 67 (4th Cir. 1983). Once this number is established, the court may adjust the award upward or downward based on numerous factors. Id. at 67 n.4 (identifying twelve factors to consider when awarding attorney's fees to prevailing plaintiff, of which many also apply to an award to a prevailing defendant). The court may also need to consider the financial ability of plaintiff to pay. "The policy of deterring frivolous suits is not served by forcing the misguided Title VII plaintiff into financial ruin simply because he prosecuted a groundless case." Id. at 68.

Defendant seeks fees of $18,524.25, at rates it claims are reasonable and customary. The court has reviewed the matter closely and along with reducing the rates, has also considered the plaintiff's ability to pay, as well as costs which were awarded against plaintiff in the companion case.[1] Therefore, the court awards attorney's fees in the amount of $7500.

---

[1] See Robertson v. Cree, 5:08-CV-13-H, Order on Bill of Costs [DE #79], awarding $3832.60 in costs.

4

## CONCLUSION

For the foregoing reasons, the court finds that plaintiff should be required to pay the sum of $7,500 toward the reasonable attorney's fees incurred by defendant in this action. Defendant shall have judgment against plaintiff in the amount of $7,500 with interest accruing thereon from this date at the rate prescribed by 28 U.S.C. § 1961.

This 21st day of December 2010.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26